UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                              Case No. 8:04-md-2523-T-30TBM
                                                    MDL 1626 - ALL CASES
ACCUTANE PRODUCTS                                   Case No. 8:02-cv-1533-T-30TBM
LIABILITY LITIGATION,

_____/

**O R D E R**

THIS MATTER is before the court for hearing on September 7, 2005, on the

following motions:

(1)   **PSC's Motion to Compel Certification Compliance and to Compel an
      Accounting of Varying Document Production Estimates** (Doc. 87) and
      Defendants' response in opposition (Doc. 109);

(2)   **Defendants' Motion for Clarification of Order Adopting Amended Report
      and Recommendation** (Doc. 92) and Plaintiffs' response in opposition (Doc.
      100);

(3)   Defendants' **Motion for an Order Scheduling a Joint Hearing to Facilitate
      the State-Federal Coordination of the New Jersey Mass Tort and Federal
      Multi-District Accutane Litigations** (Doc. 99),[1] and Plaintiffs' response
      (Doc. 101);

(4)   **Plaintiffs Steering Committee's Motion for Entry of Case Management
      Order Setting Guidelines for Plaintiffs' Counsel Common Benefit Time
      and Expense Reporting** (Doc. 111); and

---

[1]Defendants have also filed a **Supplemental Submission in Support of an Order
Scheduling a Joint Hearing to Facilitate the State-Federal Coordination of the Accutane
Litigations** (Doc. 105).  In response thereto, Plaintiffs filed a **Motion for Leave to File a
Reply to Defendants' Supplemental Submission in Support of an Order Scheduling a
Joint Hearing to Facilitate the State-Federal Coordination of the Accutane Litigation or,
in the Alternative, the PSC's Motion to Strike the Defendants' Pleading** (Doc. 107).

(5)     **The United States Roche Defendants' Motion to Conduct Forensic Examination of FBI Hard Drive Images and to Compel Plaintiffs to Comply with Prior Court Orders Regarding Computer Discovery** (Doc. 380), which is pending in the individual case of <u>Bishop v. Hoffmann-La Roche, Inc., et al.</u>, Case No. 8:02-cv-1533-cv-T-30TBM, and Plaintiffs' response in opposition (Doc. 387).

By their **Motion to Compel Certification Compliance and to Compel an Accounting of Varying Document Productions Estimates** (Doc. 87), Plaintiffs seek an Order compelling the Defendants to comply with the court's Order dated September 30, 2004, requiring defense counsel, Michael Imbroscio, Esq., to certify in writing at the conclusion of any of the productions that such were made after a diligent and thorough search and that production was complete.  Plaintiffs aver that, to date, Mr. Imbroscio has not provided such a certification as to any of the Swiss documents or data production.  Plaintiffs further seek an Order compelling the Defendants to provide an accounting for the varying document production estimates in light of "vastly different document production estimates given by Roche to this Court and at least one other Court."[2]  Plaintiffs contend that an accounting of this type is necessary in order for them to understand which of Defendants' affiliates, particularly those outside of Switzerland, were searched for responsive information.  In response, Defendants assert they have complied with this court's September 30, 2004, Order, and, in doing so, they certify that their production has been completed.[3]  Defendants urge the

---

[2]In particular, Plaintiffs reference representations made by defense counsel in the <u>Liam Grant</u> case, which is pending in Ireland.

[3]Although this court ordered Mr. Imbroscio to certify the Defendants' productions, the Swiss Defendants request that Mr. O'Hara be accorded any remaining reporting responsibilities as he has supervised the Swiss production.

2

court to accept its instant response as fulfillment of this court's September 30, 2004, Order. Defendants admit that the Swiss Defendants' privilege and redaction logs have not yet been produced, but they anticipate producing them within one week.  Thus, Defendants contend that Plaintiffs' motion requesting a certification be denied as moot.  As for Plaintiffs' request for an accounting, Defendants argue that the request is not warranted and should be rejected. As grounds, they contend that Plaintiffs' request for such is merely a guise for reopening their efforts to force Defendants to search their worldwide foreign affiliates for information or documents responsive to discovery requests in this litigation.

Upon consideration, Plaintiffs' motion (Doc. 87) is GRANTED in part.  This court's September 30, 2004, Order, requiring Mr. Imbroscio to "oversee the production made by the Swiss Defendants or other foreign affiliates" and to certify "in writing . . . that it was made after a diligent and thorough search and that the production is complete," <u>see</u> (Doc. 328 at 7) is amended such that further discovery from the Swiss Defendants or other foreign affiliates shall be supervised and so certified by either Mr. Imbroscio *or* Mr. O'Hara.  At present, the court accepts Defendants' response as adequate compliance with its certification requirement. However, to the extent that Defendants have not provided Plaintiff with complete privilege and redaction logs, Plaintiffs' motion is GRANTED.  Within <u>ten (10) days</u> of the date of this Order, Defendants shall serve such on Plaintiffs.  As for Plaintiffs' request for an accounting for the varying document production estimates, the motion (Doc. 87) is DENIED without prejudice.[4]

---

[4]As discussed at the hearing, the Swiss Defendants' production was made from records, documents, and data located in Switzerland.  The Swiss Defendants maintain that the

By their **Motion for Clarification of Order Adopting Amended Report and**

**Recommendation** (Doc. 92),[5] Defendants request clarification of certain language contained

in the Order adopting the Case Management Order relating to cross-noticing of depositions

and the preservation of evidence.  Based on discussions at the hearing, the court finds little

need for significant clarification at this time.  Lest there be any confusion, the court's Case

Managemant Order ("CMO") shall govern the conduct of proceedings, including discovery,

in this MDL.  It is not intended to alter any state court procedure or rule applicable to

Accutane litigation pending in state court.  MDL counsel participating in the state cases are

there bound by the applicable state law and court rules plus any additional obligation, such as

cross-noticing, as called for by the CMO.  The court's CMO or the federal rules may impose

limitations that are not called for by state law or court rules.  Nevertheless, in depositions

noticed in state proceedings, state law and court rules will govern except in those matters

discretely related to the cases within the MDL, where the CMO will govern.  It is possible

---

production was made in accordance with an agreement reflected in a correspondence dated
August 6, 2004, with Plaintiffs' counsel.  Plaintiffs' counsel denies that this agreement
limited the Swiss Defendants' discovery production responsibilities to matters in their
possession, custody or control in Switzerland.  The court does not decide this disagreement on
this motion.  However, in principle, the court agrees with the Plaintiffs' position.  Merely
because responsive records, documents, or data may be located at a foreign affiliate does not
relieve the Swiss Defendants from their obligation to make a full and complete disclosure and
production of matters within their control.  Counsel shall keep this in mind when certifying
further discovery production by the Swiss Defendants and their foreign affiliates.  As this
court has repeatedly stated, the Defendants are required to provide all responsive documents
relevant to the science of Accutane and this obligation extends to all such matters within their
possession, custody or control.  One significant reason for the court's imposition of the
certification requirement was to assure full compliance with this directive.

[5]This motion has been referred to the undersigned for disposition.  (Doc. 112).

4

that differences between the CMO and state court rules may permit a party to gain an advantage through selecting the forum in which discovery is initiated.  Thus, a state court's rules may not imposed a seven hour time limit on depositions as do the federal rules and the CMO.  So be it.  The court has full confidence that the presiding state court judges are fully capable of addressing alleged abuses.  While this court expects counsel to zealously represent their clients, no MDL counsel shall exploit such differences in the rules or procedures solely to avoid the terms of the CMO.  Counsel shall keep in mind that among its several goals, the CMO is intended to promote cooperation and coordination of discovery in the MDL with that occurring in numerous state court proceedings, and MDL counsel are expected not only to comply with the terms of the CMO but to do so in a manner that promotes efficiency and the expeditious conclusion of *all* remaining discovery.  Thus, to the extent set forth above, Defendants' motion (Doc. 92) is GRANTED.  Otherwise, the motion is DENIED.

By their **Motion for an Order Scheduling a Joint Hearing to Facilitate the State-Federal Coordination of the New Jersey Mass Tort and Federal Multi-District Accutane Litigations** (Doc. 99), Defendants request the court to schedule a joint hearing with the state court in New Jersey and adopt a proposal that would allow for coordination of written discovery, discovery disputes, and depositions.[6]  Defendants represent that they have taken this same request before the Honorable Carol E. Higbee, who is presiding over the Accutane mass tort litigation in New Jersey.  See (Docs. 99, 105).  In their view, this coordination is essential for the efficient administration of these cases and the avoidance of improper

_____

[6]By Defendants account, 95% of the pending Accutane cases across the country are pending in these two courts.

5

discovery tactics.  In response, Plaintiffs state that they do not oppose "appropriate coordination in all cases where the rights of all Plaintiffs are adequately protected."  They contend, however, that Defendants' instant motion was strategically filed to distract the courts' attention from Defendants' failure to respond to Plaintiffs' discovery requests in the New Jersey litigation and elsewhere.  (Doc. 101).  At present, the court finds an insufficient showing that such a formal joint conference is needed.  The court may choose to speak informally with Judge Higbee should the need to do so be demonstrated and it would be happy to entertain the judge's call should she deem a conference necessary.  However, there being no showing at present that a conference is necessary, the Defendants' motion (Doc. 99) is DENIED without prejudice.[7]

Regarding **Plaintiff Steering Committee's Motion for Entry of Case Management Order Setting Guidelines for Plaintiffs' Counsel Common Benefit Time and Expense Reporting** (Doc. 111), the motion is GRANTED .  The guidelines for Plaintiffs' counsel's common benefit and expense reporting as set forth in the proposed order attached to the motion are hereby APPROVED.  The court will enter a separate Order setting forth these guidelines.

Finally, by **The United States Roche Defendants' Motion to Conduct Forensic Examination of FBI Hard Drive Images and to Compel Plaintiffs to Comply with Prior**

---

[7]Related to this matter is Plaintiffs' **Motion for Leave to File a Reply to Defendants' Supplemental Submission in Support of an Order Scheduling a Joint Hearing to Facilitate the State-Federal Coordination of the Accutane Litigation or, in the Alternative, the PSC's Motion to Strike the Defendants' Pleading** (Doc. 107).  Plaintiffs' motion for leave is DENIED as moot, and Plaintiffs' motion to strike is DENIED.

6

**Court Orders Regarding Computer Discovery** (Doc. 380), which is pending in the

individual case of <u>Bishop v. Hoffmann-La Roche, Inc., et al.</u>, Case No. 8:02-cv-1533-cv-T-

30TBM, Defendants seek an Order compelling the Plaintiffs to produce all of the computer

materials provided by the FBI, including hard drive images, CD roms, zip drives and internet

service provider materials, so that their own computer expert may conduct a full forensic

examination of those materials.  In the alternative, Defendants request an Order requiring the

Plaintiffs to have a full forensic examination of the computer hard drives performed by a

qualified computer forensic expert under an agreed protocol.  Defendants further request an

Order directing Plaintiffs to immediately produce a log of all documents and information

withheld from the production made to date and copies of all correspondence concerning the

materials requested from and produced by the FBI.  Lastly, Defendants request fees and costs

in pursuing this motion, and an appropriate award of sanctions.  Plaintiffs urge the court to

deny Defendants' motion in its entirety, claiming that they have complied with all of the

court's prior Orders and that the type of search which Defendants seek is unwarranted.

Plaintiffs also contend that a log such as the type sought by Defendants is overbroad and goes

beyond the court's prior Orders.  In any event, Plaintiffs assert that they have already agreed

to provide a summary of the identity of documents produced by the FBI and their source.

        In response to court Order, Assistant United States Attorney Whitney Schmidt, Esq.,

has submitted a statement by Ms. Margaret Fox, an FBI CART examiner, who conducted the

mirroring and examination of the computers belonging to the Plaintiffs and/or the decedent,

Charles Bishop.  By her account, the FBI search of the computers at issue "included a search

of all active files, deleted files, unallocated space, and other data residue areas such as file

slack and drive slack."  (Doc. 389, Exh. A at ¶ 6).

As indicated at the hearing, because the court cannot conclude that another forensic

examination of the subject computer hard drives or peripherals would likely lead to the

discovery of additional relevant materials or information not already produced, the

Defendants' motion (Doc. 380) is DENIED without prejudice.[8]

**Done and Ordered** in Tampa, Florida, this 8th day of September 2005.


THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
United States District Judge
Counsel of Record
AUSA Whitney Schmidt

---

[8]The court has directed Mr. Ryan and Mr. Cruz-Alvarez to jointly speak with Mr. Schmidt concerning the availability of copies of matters found during the FBI forensic search which have not otherwise been produced by the Plaintiffs or obtained by the parties through other means, such as FOIA.  Additionally, Defendants may wish to consider deposing Ms. Fox.

8