**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JULIA BISHOP and
KAREN JOHNSON,**

      **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 8:02-cv-1533-T-30TBM**

**HOFFMANN-LA ROCHE INC., et al.,**

      **Defendants.**
_____/

**O R D E R**

THIS CAUSE is before the court on **Plaintiffs' Motion to Compel a Review of the Files of Accutane Product/Business Team Members Who Also Are Defendants' In-House Attorneys for Production of Non-Privileged Documents** (Doc. 265) and Defendants' response in opposition (Doc. 291). A hearing on this motion and other pending discovery matters was conducted on September 28, 2004, and the court thereafter deferred ruling on the motion.

The genesis of the motion was Plaintiffs' claim that Defendants have failed to review the files of its current and former in-house counsel and legal department employees, specifically those who were on Accutane-related committees or teams, for non-privileged documents responsive to Plaintiffs' discovery requests. Ultimately, the body of documents in dispute was narrowed, and at the court's direction, Defendants submitted the documents for *in camera* review in December 2004. See (Doc. 365-1). The court has now conducted an *in camera* review as requested.

The attorney-client privilege prevents disclosure of communications between an attorney and his/her client. In re Fed. Grand Jury Proceedings 89-10 (MIA), 938 F.2d 1578, 1581 (11th Cir. 1991). The attorney-client privilege applies when

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of a bar or court . . . and (b) in connection with th[e] communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client, (b) without the presence of strangers, (c) for the purpose of seeking primarily either an opinion on law, legal services, or assistance in some legal proceeding.

Id. Therefore, the attorney-client privilege protects communications from disclosure, not information. Id. at 1582. Under Rule 26(b)(3) of the Federal Rules of Civil Procedure, the work-product privilege "protect[s] documents prepared in anticipation of litigation" from disclosure. Fed. R. Civ. P. 26(b)(3). The work-product privilege also extends to protect the mental impressions of an attorney. Id.

Upon review, the court finds that the some of the documents in question are not privileged, and therefore, the court **GRANTS in part** the **Plaintiffs' Motion to Compel a Review of the Files of Accutane Product/Business Team Members Who Also Are Defendants' In-House Attorneys for Production of Non-Privileged Documents** (Doc. 265). The court finds that a privilege does not attach to the following documents:[1]

---

[1] The citations reference the document number and Bates stamp numbers on Defendant's Consolidated Hard Copy and Electronic Privilege Log, dated 12/13/2004.

(Doc. 5) ACC 00341047-341055

(Doc. 6) ACC 00341007-341011

(Doc. 7) ACC 00341012-341025

(Doc. 12) ACC 00253126-253127

(Doc. 14) AEP000023994

(Doc. 15) AEP000034570

(Doc. 35) AEP000034517-34518

(Doc. 39) ACC 00252825[2]

(Docs. 56-57) AEP 000076086-76087, AEP 000033376-33377[3]

(Doc. 65)  AEP000077192-77232

(Doc. 66) AEP 000060869-60876

(Doc. 71) AEP000074626-74634

(Doc. 207) AEP000109286-10928787

(Doc. 211) AEP000029750-29753

(Doc. 218) AEP000029730-29732

(Doc. 219) AEP000031892-31896

(Docs. 229) AEP000026654-26655

(Docs. 244-46) AEP000077064-77068, AEP000065448-65453, AEP000065454-65459

(Docs. 272-73) AEP000074852-74854, 000074855-74856

---

[2]Only as it pertains to the response from Drug Safety to Marica, Wednesday, August 18, 1999, at 4:02 AM.

[3]The redaction of this document as set forth on (Doc. 56) is appropriate.

3

(Doc. 285) AEP000074770-74791

(Doc. 318) AEP000031850-31857

(Doc. 339) AEP000077134-77178

(Doc. 370) AEP000047039-47042

(Doc. 374) AEP000074607-74609

(Doc. 379) AEP000046134-46144

(Doc. 382) AEP000032622-32624

(Doc. 388) AEP000074685-74688

(Doc. 403) AEP000053630-53631

(Doc. 449) AEP000076979

(Doc. 451) AEP000077025

(Docs. 456-58, 461-62) AEP000073137-73145, AEP000074386-74388, AEP000036743-36745

(Doc. 487)  AEP000076981-76985

(Doc. 492) AEP000109594-109595

(Doc. 502) AEP000020748

(Doc. 530) AEP000082046

(Doc. 539) AEP000119150-111952

(Doc. 582) AEP000150238-150244

(Doc. 590) AEP000082960-82966

(Doc. 625) ACC 00341108-341110

(Doc. 695) AEP000082967-82978[4]

---

[4]Defendants may redact comments made by legal counsel.

        (Doc. 737) AEP000136765

        (Doc. 745) AEP000060877

        (Doc. 746) AEP000074526-74533

        (Doc. 749) AEP000074635-74640

Regarding (Doc. 425) AEP000047044-47047, Defendants have failed to provide the court an unredacted version of the document. The court has ruled that a similar document, (Doc. 370), should be produced. If Defendants wish to challenge the release of (Doc. 425), an unredacted version shall be submitted within ten (10) days of the date of this Order; otherwise the document shall be produced.

Accordingly, Defendants' counsel shall promptly arrange to retrieve the documents and produce or otherwise make the unprivileged documents available to the Plaintiffs <u>within twenty five (25) days</u> from the date of this Order.

**Done and Ordered** in Tampa, Florida, on this 23rd day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record